# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JAMES GILBERT KELLEMS,<br>　　　　Defendant. | Case No. 11-cr-00341-BLF-1<br><br>**ORDER DENYING MOTION TO STAY PETITION UNDER 28 U.S.C. § 2255** |

Defendant James Gilbert Kellems has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF 133. In response, the government filed a motion to stay the proceedings pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, which is set to consider "whether the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the residual clause of the career offender guideline, U.S.S.G. §4B1.2(a)(2)" and "if so, whether *Johnson*'s invalidation of the residual clause of the career offender guideline applies retroactively on collateral review." Mot. at 1, ECF 140. Defendant opposes the motion and the government has filed a reply. *See* ECF 141, 142. For the reasons stated below, the government's motion to stay is DENIED.

"[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F. 3d 1116, 1120 (9th Cir. 2000). Like a habeas petition, a § 2255 motion "challenging illegality of detention, is reduced to a sham if trial courts do not act within a reasonable time." *Id*. at 1120 (quoting *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978)) (internal alteration omitted). Even in civil cases, a party seeking a stay must show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to

someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

Here, the government offers judicial economy as the sole reason for staying proceedings. While the Court agrees with the government that the Supreme Court's ruling in *Beckles* could affect the outcome of this case, the Court finds that there is a "fair possibility that the stay" could unduly delay Mr. Kellems's release from custody, which could otherwise be as early as November or December 2017 if his *Johnson* motion succeeds. Reply 3, ECF 142. The government has failed to show any hardship or inequity to justify such a possibility. Accordingly, the government's motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge